NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50079 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00111-MWF-1 |
| v. | |
| ELBA SOTO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted November 7, 2018[**]
Pasadena, California

Before: WARDLAW, RAWLINSON, and HURWITZ, Circuit Judges.

Elba Soto appeals her conviction under 18 U.S.C. § 1001(a)(2) for making a

false statement to a government agency. Soto argues that the district court abused

its discretion by admitting the lay opinion testimony of a Deputy U.S. Marshal who

identified an individual in an August 18, 2016 border-crossing photo as Soto's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

fugitive husband, Jose Guadalupe Vega-Zúñiga.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court properly denied Soto's motion in limine because the lay opinion testimony was "(a) rationally based on the witness's perception" and "(b) helpful to . . . determining a fact at issue," and the third requirement of Federal Rule of Evidence 701 was undisputedly satisfied.  Fed. R. Evid. 701.  First, Deputy U.S. Marshal Eugene Hibbard's testimony met Rule 701(a)'s personal knowledge requirement,[1] as he observed and interacted with Vega-Zúñiga on three occasions for a total of several hours while transporting him to and from court appearances or meetings.  *See United States v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005) (holding that "a lay witness's testimony is rationally based within the meaning of Rule 701 where it is 'based upon personal observation and recollection of concrete facts'" (citation omitted)).  While Soto contends that these interactions were minimal, "the extent of a witness's opportunity to observe the defendant goes to the weight of the testimony, not to its admissibility."  *Id.* (citations omitted).

Second, Hibbard's testimony fulfilled Rule 701(b)'s "helpfulness" requirement.  *See id.*  Because the jury could not observe Vega-Zúñiga in court itself, Hibbard's testimony comparing his personal observations of Vega-Zúñiga

---

[1] "The advisory committee notes to Rule 701 clarify that 701(a) is 'the familiar requirement of first-hand knowledge or observation' . . . ."  *United States v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014) (citation omitted).

2

with the border-crossing photograph was helpful to determining whether Soto made a false statement regarding who was in the vehicle that day. Hibbard's testimony thus offered the jury "a perspective it could not acquire." *Id.* (internal quotation marks and citation omitted); *cf. United States v. Henderson*, 68 F.3d 323, 326 (9th Cir. 1995) (observing that "lay witness identifications are particularly valuable when the witness has specialized knowledge of the defendant's appearance unavailable to the jury" (citation omitted)).

**AFFIRMED.**[2]

---

[2] Appellant's motion to take judicial notice (ECF No. 22) is DENIED.